UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

RONALD WRIGHT,

                              Petitioner,

  vs.                                                     9:18-cv-1063
                                                               (MAD/TWD)

JAMIE LAMANNA, *Superintendent; Green Haven*
*Correctional Facility*

                              Respondent.
_____

**APPEARANCES:**                                       **OF COUNSEL:**

**RONALD WRIGHT**
11-A-3130
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562
Petitioner, *pro se*

**NEW YORK STATE**                           **MARGARET A. CIEPRISZ, AAG**
**ATTORNEY GENERAL**
28 Liberty Street
New York, New York 10005
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On September 6, 2018, Petitioner Ronald Wright, an inmate at Sing Sing Correctional Facility, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 1. Petitioner claims that his conviction in Albany County Court was not supported by legally sufficient evidence, was against the weight of the evidence, violated his due process rights by failing to give a jury instruction for an agency defense, and violated his right to the effective assistance of counsel. *See id.* at 4-9.

1

In an April 21, 2021 Report-Recommendation and Order, Magistrate Judge Dancks recommended the denial and dismissal of the petition in its entirety. *See* Dkt. No. 27. On May 27, 2021, Petitioner filed objections to the report-recommendation. *See* Dkt. No. 30. For the reasons set forth below, the report-recommendation is adopted in its entirety.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Petitioner was convicted of enterprise corruption, third-degree criminal sale of a controlled substance, third-degree criminal possession of a controlled substance, and attempted

2

third-degree criminal possession of a controlled substance.[1]  *See* Dkt. No. 1 at 1.  The petition for a writ of habeas corpus raises three grounds for relief: (1) Petitioner's convictions were not supported by legally sufficient evidence and were against the weight of the evidence; (2) Petitioner was denied due process by the trial court's refusal to give the jury an instruction for an agency defense; and (3) Petitioner's right to the effective assistance of counsel was denied.  *See* Dkt. No. 1 at 4-9.  Magistrate Judge Dancks recommended the denial of Petitioner's first claim because it was partially barred on independent state law grounds and was without merit.  *See* Dkt. No. 27 at 14-22.  Similarly, Magistrate Judge Dancks found Petitioner's claim regarding the jury instruction for an agency defense unexhausted and without merit.  *See id.* at 22-29.  Lastly, the report-recommendation finds that the ineffective assistance of counsel claim is unexhausted and meritless.  *See id.* at 29-36.

Petitioner objects to one part of the report-recommendation, only reasserting that his weight and sufficiency of the evidence claims are meritorious.  Petitioner does not address Magistrate Judge Dancks' finding that parts of this claim were barred by an independent state law ground.  Petitioner also does not object to the recommendation that his second and third grounds for relief be dismissed.

The Court agrees with Magistrate Judge Dancks that Petitioner's weight and insufficiency of evidence claims should be dismissed.  First, there is no cognizable claim on federal habeas review to challenge verdicts as against the weight of the evidence.  *See McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 Fed. Appx. 69, 75 (2d Cir. 2011).

---

[1] Petitioner was also convicted of second-degree criminal sale of a controlled substance and second-degree conspiracy, which were subsequently overturned by the New York State Appellate Division, Third Department.  *People v. Wright*, 139 A.D.3d 1094 (3d Dep't 2016).

Second, Magistrate Judge Dancks correctly determined that an independent state law grounds bars Petitioner's claim regarding his third-degree criminal sale conviction; namely, that the appellate court ruled that the issue was not properly preserved for appellate review. *See People v. Wright*, 139 A.D.3d 1094, 1096 (2016). The Second Circuit has held that "federal habeas review is precluded as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision." *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990) (internal quotations omitted).

Petitioner, however, does object to report-recommendation's findings of legally sufficient evidence to convict him of the drug charges. The Court agrees with Magistrate Judge Dancks that, in addition to the independent state law grounds, Petitioner's claims are also meritless. Petitioner objects because no heroin was recovered and argues that the state's corroboration and circumstantial evidence was insufficient to establish Petitioner possessed heroin. *See* Dkt. No. 27 at 7 (citing *United States v. Bryce*, 208 F.3d 346 (2d Cir. 1999)). The Court agrees with Magistrate Judge Dancks' review of the evidence. *See* Dkt. No. 27 at 37-42. A reasonable juror could have concluded that the more than 200 intercepted calls and texts, as well as the several witnesses that testified, established Petitioner's possession of heroin.

Petitioner also objects to the sufficiency of the evidence for the enterprise corruption conviction. The Court agrees with Magistrate Judge Dancks that there was ample evidence of the existence of a criminal enterprise and Petitioner's intentional participation in it. For example, Petitioner regularly discussed the drug distribution network. *See* Dkt. No. 27 at 44-45. The Court therefore adopts Magistrate Judge Dancks' recommendation to dismiss Petitioner's claim that there was insufficient evidence to convict him of enterprise corruption.

Petitioner does not object to the report-recommendation's finding that his jury charge claim is unexhausted and lacks merit. Similarly, Petitioner does not object to the report-recommendation's finding that his ineffective assistance of counsel claim is unexhausted and lacks merit. After reviewing the record and the report-recommendation, the Court adopts the findings of the report-recommendation and denies these claims as well.

28 U.S.C. § 2253(c)(1) provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from – (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"[1] 28 U.S.C. § 2553(c)(1). A court may only issue a Certificate of Appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2).

Since Petitioner has failed to make such a showing with regard to any of his claims, the Court declines to issue a Certificate of Appealability in this matter. *See Hohn v. United States*, 524 U.S. 236, 239-40 (1998) (quotation omitted).

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation and Order (Dkt. No. 27) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that no Certificate of Appealability shall be issue with respect to any of Petitioner's claims; and the Court further

---

[1] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed in such actions "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).

**ORDERS** that the petition (Dkt. No. 1) is **DENIED** and **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 29, 2021
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge